# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 01:09-cr-502 |
| ) | Civil Action No. 01:12-cv-803 |
| ALEJANDRO HERNANDEZ, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioner Alejandro Hernandez's ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255.

Petitioner was charged, along with co-conspirators Uriel Sandovol Covarrubias ("Covarrubias"), Aquiles Fuentes Ordas ("Fuentes"), and Danis Romero Lopez ("Romero"), with Conspiracy to distribute 500 grams or more of cocaine. On February 2, 2010, the jury found Petitioner guilty of conspiring to distribute 500 grams or more of cocaine. Following trial, Petitioner terminated Alfred Robertson ("Mr. Robertson"), who had represented him throughout the proceedings until that point, and retained Frank Salvato ("Mr. Salvato"), who handled the sentencing. On June 11, 2010, Petitioner was sentenced to 70 months' incarceration. Petitioner filed an appeal, and the Fourth Circuit affirmed Petitioner's conviction and sentence on May 3, 2011. On August

26, 2011, Petitioner filed a second appeal, which the Fourth Circuit dismissed pursuant to a mandate issued on January 6, 2012.

On July 19, 2012, Petitioner filed a pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner challenges his conviction based upon his allegation that his attorneys were constitutionally ineffective both in encouraging him to go to trial and at the sentencing phase. For the reasons stated below, the Court denies Petitioner's challenge.

On a motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence, the petitioner bears the burden of proving the grounds for collateral relief by a preponderance of evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). A petitioner may attack his sentence or conviction pursuant to 28 U.S.C. § 2255 on the grounds that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962).

In Strickland v. Washington, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel. First, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Second, a petitioner must show that "the deficient performance prejudiced the defense," thereby depriving the petitioner of a fair trial. Id.

First, to show deficient performance, a petitioner must demonstrate that his counsel's representation "fell below an objective standard of reasonableness." Id. This standard is "simply reasonableness under prevailing professional norms . . . considering all the circumstances" regarding the representation. Id. at 688. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 689-90; see, e.g., United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004); Matthews v. Evatt, 105 F.3d 907, 919 (4th Cir. 1997). In assessing whether a petitioner has overcome this presumption, the analysis of counsel's performance typically must be comprehensive and not narrowly limited to a review of counsel's failings. Strickland, 466 U.S. at 691. In applying this standard, a court should be reluctant to second guess the

tactics of trial lawyers. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1997).

To satisfy the second prong of the Strickland test, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Smith v. United States, 871 F.Supp. 251, 255 (E.D.Va. 1994) (quoting Strickland, 466 U.S. at 694)). A defendant must affirmatively prove prejudice that is "so serious as to have deprive[d] [him] of a fair trial." Strickland, 466 U.S. at 687.

"Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700. Because "[t]he defendant bears the burden of proving Strickland prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." Field v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Strickland, 466 U.S. at 697)).

Petitioner alleges that Mr. Robertson told him that it made no sense for him to plead guilty because the Government had a weak case and that he had an 85% chance of beating the case at trial because Romero's credibility could be undermined. This claim is without merit. In his sworn affidavit, Mr. Robertson states that he does not recall making any numerical predictions

4

about the petitioner's likelihood of prevailing. Further, even supposing that Mr. Robertson had made the 85% chance prediction that Petitioner alleges, this statement would not constitute "objective unreasonableness." A claim for ineffective assistance of counsel will not succeed merely because a lawyer's prediction does not become reality. Lafler v. Cooper, 132 S. Ct. 1376, 1391 (2012) ("[A]n erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance.").

Mr. Robertson has not denied that he offered the advice that Romero's credibility could be attacked. However, this advice does not constitute ineffective assistance of counsel. Rather, Mr. Robertson was merely providing zealous advocacy for his client and in fact attacked Romero's credibility based on several factors on cross examination and in argument. Therefore, on this issue, Petitioner has failed to meet his burden of showing that his "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88.

Petitioner further alleges that Mr. Robertson told him that the maximum sentence for the charge was five years, when the maximum sentence was in fact twenty years. Petitioner's allegation in this regard is not credible. Mr. Robertson's sworn affidavit states that he advised Petitioner that the penalties were a mandatory minimum of five years imprisonment and a

5

maximum of 40 years imprisonment. Further, the mandatory penalties were conveyed to Petitioner on at least two other occasions through communications with the Honorable Theresa C. Buchanan, Magistrate Judge in the Eastern District of Virginia, and the prosecutor, SAUSA Patrick McDade. Petitioner has thus failed to demonstrate that his counsel's performance was objectively unreasonable.

Lastly, Petitioner claims that Mr. Salvato's counsel was constitutionally ineffective because Mr. Salvato failed to challenge the district court's drug calculations regarding whether the conduct of the petitioner's coconspirators was reasonably foreseeable to Petitioner. Petitioner contested his guilt by claiming to have known nothing about the cocaine deal that was occurring on September 3, 2009. Therefore, any claim that Petitioner should have been held accountable for some lesser quantity of cocaine would be irrational. In fact, Mr. Salvato acted reasonably in requesting that the Court consider Petitioner a minimal participant. Thus, Petitioner has failed to show that Mr. Salvato was objectively unreasonable in his representation of Petitioner at sentencing.

Nor has Petitioner satisfied the second prong of <u>Strickland</u> by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome." Id. at 694. Petitioner has not shown that but for counsel's alleged errors, the result of his trial would have been different. Therefore, Petitioner has failed to satisfy the prejudice prong of the Strickland test.

This Court concludes that defense counsels' performance was reasonable and was not prejudicial. Therefore, Petitioner's claim of ineffective assistance of counsel is without merit.

For the reasons set forth above, Petitioner's motion is DENIED.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
September 13, 2013